CONNECTICUT NATIONAL BANK ET AL. *v.* I. BENYAMIN
OXENHANDLER ET AL.
(11245)

DUPONT, C. J., DALY and FREEDMAN, Js.

Argued January 5—decision released March 9, 1993

*Samuel B. Feldman,* with whom, on the brief, was *Lisa Maxtusis,* for the appellants (defendants).

*Linda L. Morkan,* with whom, on the brief, was *Steven L. Richards,* for the appellees (plaintiffs).

DALY, J. The named defendant appeals from the trial court's denial of his motion to open the default judgment rendered in favor of the plaintiffs, Connecticut

National Bank (CNB) and CNB Discount Brokerage, Inc. (CNB Brokerage).[1]

The facts relevant to this appeal are as follows. On March 27, 1986, I. Benyamin Oxenhandler opened two personal brokerage services accounts. One account was opened for International Gold Specialties, Inc. (IGS), and the other was opened for Panterra Resources, Inc. (Panterra). Benyamin executed two agreements with CNB Brokerage making him personally liable for any indebtedness owed on the accounts. From December, 1986, to April, 1987, CNB Brokerage purchased stock in accordance with the instructions of Yosef S. Oxenhandler. CNB Brokerage presented the shares to the defendants' bank, which refused to make payment stating that it had not been authorized to do so. Benyamin refused to repay the balance on the accounts after demand by the plaintiffs. The plaintiffs liquidated the stock at a loss of $110,477.07.

By complaint dated April 23, 1987, the plaintiffs instituted the underlying action against the defendants for the deficiency of $110,477.07 plus interest and costs. The plaintiffs alleged breach of contract, fraud and misrepresentation. Additionally, the plaintiffs sought a prejudgment attachment on Benyamin's interest in real property located in West Hartford. The trial court granted the plaintiffs' requests and the property was attached on April 27, 1987. An amended complaint was filed on July 29, 1987. The defendants filed an answer, four special defenses and a counterclaim on March 28, 1988.

---

[1] The defendant I. Benyamin Oxenhandler is president of the defendant International Gold Specialties, Inc. (IGS), and is also vice president and treasurer of the defendant Panterra Resources, Inc. (Panterra). Yosef S. Oxenhandler, the son of I. Benyamin Oxenhandler, is a defendant and is president of Panterra and executive vice president of IGS. The motion to open, the denial of which is the basis for this appeal, was brought by only I. Benyamin Oxenhandler and, therefore, he is the only defendant properly before us.

On May 23, 1989, the defendants' third attorney in this case, Jeffrey Nirenstein, was granted permission to withdraw as counsel due to the defendants' refusal to cooperate with him subject to the condition that he notify the defendants of the withdrawal by certified mail. Notice of withdrawal was received by Benyamin on July 27, 1989, by certified mail. No subsequent appearance was filed on behalf of any of the defendants until April 23, 1990.

On March 9, 1990, notice was issued to Yosef and Nirenstein of the defaults entered against the defendants on March 7, 1990, for their failure to appear for pretrial and trial by order of the trial court.[2] On March 15, 1990, Yosef and Benyamin filed a handwritten document titled "Motion" with the clerk's office. It read: "We hereby file a motion to open motion for appearance—in as much we did not receive the notice of appearance." This motion (motion 141) was not certified and the plaintiffs had no knowledge of it. Motion 141 was not acted on by the trial court.

On April 4, 1990, the plaintiffs filed a motion for judgment pursuant to Practice Book § 364. The plaintiffs also properly filed an affidavit of debt as well as a bill of costs. On April 16, 1990, judgment in the amount of $144,106.75 was rendered for the plaintiffs on the complaint. Notice of the judgment was issued on April 19, 1990. No notice was sent to the defendant Benyamin although notice was sent to Yosef and Nirenstein. On April 23, 1990, Benyamin filed an appearance on his own behalf.

A judgment lien certificate was filed in the West Hartford land records on May 11, 1990, a copy of which

[2] The matter was scheduled for trial on March 7. Customarily, parties would attend a pretrial settlement conference immediately prior to the scheduled trial. The defendants, in failing to appear on March 7, failed to appear for trial and were defaulted.

was sent to Benyamin as the record owner of the property. The plaintiffs subsequently commenced an action to foreclose that lien in October, 1990. Benyamin was defaulted in that action for failure to disclose a defense, but on February 5, 1992, five days before the entry of judgment in the foreclosure action, he filed special defenses alleging that the April 16, 1990 judgment against him in the underlying action was void.

On February 6, 1992, Attorney Samuel B. Feldman filed an appearance for all defendants in the present matter. On February 11, 1992, Benyamin moved to open the judgment pursuant to General Statutes § 52-212 and Practice Book §§ 376 and 377, claiming that he was "prevented by mistake, accident or other reasonable cause from appearing" at the pretrial conference. Benyamin sought not only to open the judgment but to reclaim motion 141. The motion to open was denied on March 16, 1992, and the trial court refused to consider motion 141. This appeal followed.

Benyamin now claims that (1) there was no final judgment in the underlying action, (2) the trial court improperly denied his motion to open and (3) the trial court improperly refused to address motion 141. We disagree.

Benyamin first claims that a final judgment was not rendered in this case because the counterclaim was not included in the judgment and because the judgment file was titled "partial judgment." The judgment file stated: "This action, by writ and complaint claiming more than $15,000 in damages came to this Court on May 12, 1987 and thence to March 28, 1988, when the Defendants filed their answer, special defenses and counterclaim, and thence to March 7, [1990] when default was entered . . . ." The judgment rendered for failure to appear for trial implicitly included a judgment for the plaintiffs on the defendants' counterclaim. By their failure to appear for trial, the defendants forfeited their rights

to defend against the plaintiffs' complaint and to prosecute any cause of action they may have had arising from their counterclaim.

Benyamin next claims that the trial court improperly refused to open the twenty-two month old judgment upon default for failure to appear. Our courts have the inherent authority to open, correct and modify judgments, but this authority is restricted by statute and the rules of practice. *Batory* v. *Bajor,* 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990). For a trial court to open or set aside a default judgment, a motion to open or a motion to set aside must be filed within four months of the date judgment is rendered. General Statutes § 52-212 (a);[3] Practice Book § 377.[4] Where the motion is timely, our "review is limited to whether the court has acted unreasonably or in abuse of its discretion. *Pump Services Corporation* v. *Roberts,* 19 Conn. App. 213, 215, 561 A.2d 464 (1989)." *Batory* v. *Bajor,* supra. Where, as here, the motion to open is not timely and the time limita-

---

[3] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[4] Practice Book § 377 provides in pertinent part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

tion has not been waived, the trial court lacks jurisdiction to open the judgment. Id., 8–9; *Serrano* v. *Behar,* 15 Conn. App. 308, 311, 544 A.2d 250 (1988). Benyamin's motion to open was filed on February 11, 1992, nearly twenty-two months after the judgment based on the defendants' default was entered.[5] Benyamin has not claimed that the plaintiffs waived the time limitation of the statute and rule of practice.

Benyamin claims that he was never given notice of the judgment of default, and, therefore, the four month time period did not commence until February 6, 1992, when his fourth attorney filed an appearance in this matter. He claims that for this reason his motion to open was timely filed. "Only when the defendant is defaulted for failure to appear for trial may judgment be rendered without notice to the defendant. Practice Book § 364 (a)." *Skyler Limited Partnership* v. *S.P. Douthett & Co.,* 18 Conn. App. 245, 250, 557 A.2d 927 (1989).[6] Thus, it was not improper for notice not to have been issued to Benyamin.

The judgment on default was entered on April 6, 1990, and notice was issued to Yosef and the defendants' former attorney on April 19, 1990. No appearance for Benyamin was on the record at that time. Even so, Benyamin demonstrated his knowledge of the judgment in a formal written complaint to the Connecticut director of securities on May 21, 1990.[7] In that complaint, Benyamin and Yosef stated: "Following the general decision in Connecticut which makes the above

---

[5] Yosef was not a party to the motion to open. Therefore, he is not properly before us on appeal. Even if Yosef was a proper appellant, however, notice of the judgment on default was issued to him. Therefore, Benyamin's claims are not applicable to Yosef.

[6] Practice Book § 364 (a) provides: "If a defendant is defaulted for failure to appear for trial, evidence may be introduced and judgment rendered without notice to the defendant."

[7] This document was attached to the "Plaintiffs' Memorandum In Opposition to 'Motion' 141" filed March 13, 1992.

prejudgment attachments unconstitutional CNB perfected its attachment, without trial, the courts disregarded our motion for appearance on April 23, 1990 and on May 11, 1990 the Superior Court granted Connecticut National Bank and CNB Discount Brokerage a Judgment [Lien] Certificate against the undersigned individuals in an amount of $144,105.75.'' Thus, Benyamin knew of the judgment on default within two months of the date it was rendered. Therefore, the trial court properly denied Benyamin's motion to open because it did not have jurisdiction to open the judgment.

Benyamin also argues that the motion to open was timely because the automatic stay provisions of our rules of practice were in effect when the judgment on default was entered. As the trial court noted, however, the defendant improperly relies on *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 579 A.2d 1054 (1990), for the proposition that the filing of a motion to set aside the default, which is how the defendants characterize motion 141, stays the rest of the proceedings pursuant to Practice Book §§ 4009[8] and 4046.[9] Benyamin claims that, therefore, any action taken after the pro se motion was filed, including the judgment on default, is without effect because the trial court had to address the pro se motion first.

---

[8] Practice Book § 4009 provides in pertinent part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012; but if within the appeal period any motion is filed which, if granted, would render the judgment or decision ineffective, as, for example, a motion to open the judgment or to set aside the verdict or for judgment notwithstanding the verdict, the period of time for filing an appeal shall commence from the issuance of notice of the decision upon the motion or the expiration of the time within which a remittitur is ordered filed. . . ."

[9] Practice Book § 4046 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired . . . ."

*Farmers & Mechanics Savings Bank* v. *Sullivan,* supra, is distinguishable. That case involved a foreclosure action in which the judgment of foreclosure had been rendered and the law days set. The issue on appeal concerned whether the automatic stay provisions of Practice Book §§ 4009 and 4046 were in effect where a motion to open and modify the judgment under General Statutes § 49-15 was timely filed before the law days passed but was not heard until after redemption by junior interest holders.

In the present case, no motion to open or set aside the judgment was filed within twenty days of the judgment on default of April 16, 1990. Motion 141, which the defendant claims is a motion to set aside the judgment, was filed after default was entered but before the judgment on default was rendered. The stay provisions discussed in *Farmers & Mechanics Savings Bank* v. *Sullivan,* supra, are not triggered by a motion to set aside the default because entry of default does not constitute a final judgment from which an appeal may be taken. Practice Book § 4000. An appealable final judgment exists when the judgment is rendered on that default. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146 (1951). The motion to open that the defendant is now appealing was filed twenty-two months later. Thus, nothing was filed to stay the proceedings and the provisions of §§ 4009 and 4046 did not stay the underlying action.

Benyamin also claims that motion 141 should have been addressed by the trial court. He did not press the court for action on this motion, the plaintiffs were unaware of it, and the motion does not come close to requesting the court to open a judgment. Under these circumstances the court has no obligation to act on it.

The judgment is affirmed.

In this opinion the other judges concurred.