## DIME SAVINGS BANK *v.* RAYMOND J. SAUCIER ET AL.
### (16577)

Dupont, C. J., and Foti, Lavery, Landau, Schaller, Spear and Hennessy, Js.

Considered February 11—officially released April 22, 1997

*Patrick J. Rosenberger,* in support of the motion.

*Leslee B. Hill,* with whom, was *Robert A. Ziegler,* in opposition to the motion.

DUPONT, C. J. The plaintiff timely moved to dismiss the named defendant's appeal as untimely. The sole question raised by the plaintiff's motion is whether the running of the twenty day period for taking an appeal begins with the judgment rendered in open court or from the issuance of written notice when neither the named defendant nor his counsel was present in open

court when the judgment for the plaintiff was rendered. Most of the relevant facts are not in dispute.

A hearing on the plaintiff's motion for strict foreclosure was scheduled for October 21, 1996, for which notice was given on a short calendar list mailed to all counsel. The plaintiff's motion to dismiss this appeal included an affidavit of a paralegal of the plaintiff's counsel, swearing that the paralegal informed the named defendant's counsel's office that the motion for strict foreclosure was being marked "ready." The named defendant's counsel did not attend the scheduled hearing at which the trial court rendered judgment of a foreclosure by sale and set a sale date. On October 25, 1996, notice of the judgment was sent to all counsel of record. An appeal from the judgment was filed on November 13, 1996.

The plaintiff claims that, pursuant to the provisions of § 4009 of the Practice Book, the appeal period began to run from October 21, 1996, and that the appeal should have been filed by November 12, 1996, because November 11, 1996, was a court holiday.[1] The plaintiff relies on the language of Practice Book § 4009 (a), which provides in relevant part that "[i]f notice of the judgment . . . is given in open court, the appeal period shall commence with such notice. . . ."

The named defendant argues that the date on which notice of the judgment was issued governs in this case because neither he nor his counsel were present in court on October 21, 1996. He relies on other language of § 4009 (a) that provides that "the appeal period shall commence on the date notice of the judgment or decision is given."

---

[1] The appeal, according to the plaintiff, was one day late. Although we have discretion to hear an untimely appeal even after a timely motion to dismiss; *Kelley* v. *Bonney*, 221 Conn. 549, 559, 606 A.2d 693 (1992); our decision in this case does not involve the exercise of that discretion.

Ordinarily when judgment is rendered in open court, the appeal period starts on the date of the court's pronouncement. If the judgment is not made in open court and notice of the judgment is only by mail, the appeal period starts from the date notice is sent. General Statutes § 51-53; Practice Book § 4009. Our rule of practice, however, does not speak to the situation where one of the parties, although aware of the fact that a judgment will probably be rendered on a particular date, is not present in court on that date and judgment is, in fact, rendered. The situation in this case is further complicated by the fact that the judgment rendered was not, as the plaintiff's motion sought, a judgment of strict foreclosure, but was a judgment of foreclosure by sale. A defendant might want to appeal from the former, but not the latter, or vice versa.

Section 51-53 (b) of the General Statutes, which deals with the same subject as Practice Book § 4009, provides that "[t]he time limited by law for commencing appellate proceedings on the decision . . . shall date from the time when such notice is issued by the clerk."

In this case, there was no specific court order to the parties to appear in court on October 21, 1996, for the rendition of a judgment. Neither the named defendant nor his counsel had actual or constructive notice that the court would render a judgment of foreclosure by sale on October 21, 1996, rather than a judgment of strict foreclosure. Lacking such notice, the named defendant should not be deemed to have known that his right to appeal would be affected by his failure to attend court on that date. Without actual or constructive notice of the consequence of a failure to act in a particular way, the consequence cannot be imposed. See *In re Mongillo*, 190 Conn. 686, 693, 461 A.2d 1387 (1983).

On the basis of those facts, we hold that without the actual presence of the named defendant in open

court, the appeal period ran from the date notice of the judgment was issued by the clerk.

The motion to dismiss is denied.

In this opinion the other judges concurred.