JASON ZIRUK *v.* RICHARD A. BEDARD ET AL.
(AC 15713)

Foti, Schaller and Harrigan, Js.

Argued February 21—officially released May 13, 1997

*Richard A. Bedard*, pro se, the appellant (named defendant), with whom was *Robert E. Graham.*

*Zbigniew S. Rozbicki*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant Richard A. Bedard[1] appeals from the trial court's denial of his motion to open the

---

[1] In addition to the named defendant, there are two other defendants, David Easinsky and Allen, Bedard & Associates, Inc., who are not parties to the appeal.

judgment rendered in favor of the plaintiff, following a default against Bedard for failure to plead.

The facts relevant to this appeal are as follows. By complaint dated June 2, 1994, the plaintiff instituted the underlying action against the defendants seeking monetary damages for false representations allegedly made by the defendants in connection with the sale of certain investment securities. On July 6, 1994, the defendant Bedard, who appeared pro se, filed a motion to dismiss. The matter was assigned for a hearing on July 25, 1994. The motion was denied after Bedard failed to appear to claim his motion. Bedard was defaulted for failure to plead on May 10, 1995. Thereafter, he filed a "motion for dismissal for failure to plead," which was denied by the court on June 13, 1995. On June 29, 1995, he filed a motion to open the default, which was also denied by the court on August 7, 1995. On August 21, 1995, Bedard filed a "motion to dismiss on grounds of jurisdictional defect."[2] On August 21, 1995, the trial court conducted a hearing in damages.[3] The trial court rendered judgment against Bedard in the amount of $20,000, plus interest of $2389.08 and costs. On December 26, 1995, Bedard filed a motion to open the judgment, which was denied on January 29, 1996. On February 20, 1996, Bedard filed this appeal.[4]

Our courts have the inherent authority to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice. *Batory* v. *Bajor*, 22 Conn. App. 4, 8, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990). For a trial court to open

---

[2] The record fails to disclose whether the trial court took any action on this motion, the default remaining in effect.

[3] The record discloses that the defendant David Easinsky appeared but that the defendant Bedard did not.

[4] Bedard's appeal itself may be untimely. The record, however, does not disclose when notice of the denial of his motion to open was sent. See *Dime Savings Bank* v. *Saucier*, 44 Conn. App. 812, 692 A.2d 1288 (1997).

or set aside a default judgment, a motion to open or a motion to set aside must be filed within four months of the date judgment is rendered. General Statutes § 52-212 (a);[5] see also General Statutes. § 52-212a;[6] Practice Book § 326.[7] When a motion to open is timely filed, our review is limited to whether the court has acted unreasonably or has abused its discretion. *In re Baby Girl B.*, 224 Conn. 263, 295, 618 A.2d 1 (1992); *Gillis* v. *Gillis*, 214 Conn. 336, 341, 572 A.2d 323 (1990). When the motion to open is not timely and the time limitation has not been waived, however, the trial court lacks jurisdiction to open the judgment. *Connecticut National Bank* v. *Oxenhandler*, 30 Conn. App. 541, 546–47, 621 A.2d 300, cert. denied, 225 Conn. 924, 625 A.2d 822 (1993).

It is clear from the record that judgment was rendered on August 21, 1995, and that Bedard did not file his motion to open until December 26, 1995.[8] Because the

---

[5] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[6] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law . . . a civil judgment . . . may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered . . . ."

[7] Practice Book § 326 provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months of the entry of judgment. . . ."

[8] Bedard also filed a "motion to open judgment" on September 5, 1995, alleging that the trial court lacked both "in personam" and subject matter jurisdiction and asking that the default entered for failure to plead on May 8, 1995, "and judgment upon said default entered on May 10, 1995," be set

motion was not filed within four months of the date judgment was rendered based on Bedard's default, and because Bedard has made no claim that the plaintiff waived the time limitation of the statute and rule of practice, the trial court lacked jurisdiction to open the judgment and properly denied Bedard's motion.

The judgment is affirmed.

In this opinion the other judges concurred.

aside. On September 18, 1995, the trial court denied the motion. The defendant did not appeal. Even if we assume, arguendo that this motion was a proper and timely motion to open directed to the judgment rendered on August 21, 1995, our inquiry is "not whether the denial of a motion to open a judgment . . . after a timely filing of the motion ended the power of the court to act further in the matter, but whether the court retained jurisdiction to grant a timely motion to open after having denied the motion." *Gardner* v. *Pilato*, 44 Conn. App. 724, 727, 692 A.2d 843 (1997). We concluded in *Gardner* that, on the basis of the facts of that case, the trial court retained jurisdiction to open the judgment and to correct an injustice. On the basis of the facts in this case, however, we cannot conclude that the trial court retained such jurisdiction.