[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant-mortgagor moves to reopen a judgment of strict foreclosure. The plaintiff, opposes the motion contending that title had vested absolutely in the plaintiff before this motion was filed.
The following facts appear to be uncontested. On June 8, 1998, this court entered a judgment of strict foreclosure regarding a mortgage encumbering property located at 52 Bingham Road, Canterbury. The court set the mortgagor's law day at June 30, 1998. Three other junior encumbrances had consecutive law days assigned following that date in inverse order of alienation. On June 23, 1998, the mortgagor filed a petition for Chapter 13 bankruptcy adjudication, which filing automatically stayed the postjudgment foreclosure process. On November 23, 1998, the United States Bankruptcy Court dismissed the mortgagor's petition.
On December 4, 1998, the plaintiff moved to open the judgment for the purpose of resetting law days. On December 21, 1998, the motion was heard at short calendar, and the court orally granted the motion and established new law days beginning January 11, 1999. Under this order, title would vest in the plaintiff, absent redemption, on Friday, January 15, 1999. Unfortunately, the clerk mistakenly recorded the initial law day as January 18, 1999, and sent written notice to counsel to that effect. January 18, 1999, was Martin Luther King day, a date when court is closed. Using the erroneous date, title would not vest in the plaintiff until January 22, 1999. On January 20, 1999, the mortgagor filed a motion to open the foreclosure judgment based on a second bankruptcy petition filed on January 19, 1999.
The mortgagor argues that the law day indicated on the notice of judgment she received, i.e., January 18, 1999, should control, and, therefore, the foreclosure proceedings were automatically stayed by the second bankruptcy filing. The plaintiff counters that the court's oral decision establishing a new law day of January 11, 1999, prevails, and, under G.S. § 49-15, the court lacks authority to open the judgment because title became absolute in the plaintiff before the mortgagor's motion to open was filed. CT Page 2660
Under § 49-15, once title becomes absolute in the encumbrancer, the court cannot open, a judgment of strict foreclosure. New Milford Savings Bank v. Jajer,44 Conn. App. 588, 594 (1997). Upon failure to redeem on or before the last law day, title vests in the foreclosing party.Crane v. Loomis, 128 Conn. 697, 700 (1942). Thus, the dispositive issue as to this motion to open is whether the law day orally announced in court or the one contained in the written notice sent by the clerk's office applies.
Although aware of the hearing date on the plaintiff's motion to open the judgment to set new law days following dismissal of the mortgagor's first bankruptcy petition, the mortgagor's counsel chose not to participate in the hearing. This appears to constitute constructive notice of the court's oral decision fixing the mortgagor's new law day at January 11, 1999, and ensuing law days. Dime Savings Bank v. Saucier,44 Conn. App. 812, 814 (1997). In that case however, the Appellate Court found no constructive notice because the appellant was never informed that a foreclosure by sale rather than strict foreclosure might be considered by the trial court. Id. That decision recognizes that no statute nor rule of practice addresses the ramification where a party, who knows of a proceeding, fails to attend. Id. The case seems to permit the possibility that constructive notice will be found where the absent party had actual notice of the nature of the proceedings.
In the present case, the plaintiff relied on the court's oral decision. It filed a certificate of foreclosure on the appropriate land records based on failure to redeem by January 15, 1999. The mortgagor chose not to participate in the hearing of December 21, 1998, and instead relied on the accuracy of the clerk's notice to gauge her future course of action. While there is no legal impediment to setting a law day on a court holiday, that would be an unusual circumstance which ought to have alerted the mortgagor, who was represented by counsel, to inquire further, concerning the rectitude of the notice.
The equities of the case do not so favor the mortgagor so as to override the prohibition set forth in § 46-15 against opening this judgment. This was not a situation where the mortgagor missed the opportunity to redeem because of the faulty notice. Rather, the mortgagor was seeking refuge under the federal bankruptcy laws for a second time. CT Page 2661
The court holds that its oral decision setting law days was the controlling one, and title, vested absolutely in the plaintiff on January 15, 1999. Consequently, the court lacks the discretion to grant the mortgagor's motion to open under §49-15, and the motion is denied.
Sferrazza, J.