E & A DEVELOPMENT, INC. *v.* PARAGON BUILDERS
OF CONNECTICUT, INC.
(AC 18226)

O'Connell, C. J., and Hennessy and Daly, Js.

Argued February 26—officially released August 3, 1999

*Lawrence P. Weisman*, with whom, on the brief, was *Debra B. Marino*, for the appellant (defendant).

*Matthew J. Broder*, for the appellee (plaintiff).

*Opinion*

DALY, J. The defendant, Paragon Builders of Connecticut, Inc., appeals from the trial court's judgment granting the application filed by the plaintiff, E & A Development, Inc., to discharge the defendant's mechanic's lien on the plaintiff's premises and releasing two escrow accounts held as security for that lien. The defendant claims that the trial court improperly (1) failed to conduct a hearing prior to discharging the lien, (2) denied its motion for a continuance and discharged the lien in the absence of his counsel and (3) authorized the immediate release of the two escrow accounts in violation of the stay provision of General Statutes § 49-35c (b). We affirm the judgment of the trial court.

In October, 1995, the parties entered into a written contract whereby the defendant was to build a residence for the plaintiff in Weston, and the plaintiff was to pay the defendant $596,400. In September, 1997, the defendant filed a mechanic's lien "for services rendered and materials furnished in the construction, raising, removal or repair of said buildings and improvements or for the site development or subdivision of the premises . . . commencing October 1, 1995, and ending September 12, 1997." On December 7, 1997, the plaintiff filed an application to discharge the mechanic's lien.

On January 5, 1998, the trial court granted the application to discharge the mechanic's lien because there was no objection filed. That day, the defendant filed a new mechanic's lien for $262,748.31 for work performed between October 1, 1995, and October 31, 1997. On January 9, 1998, the plaintiff filed an application to discharge the January 5, 1998 mechanic's lien on the grounds that "there is no probable cause to sustain the validity of such lien and that such lien is invalid because it was filed more than ninety days after work on the property had been substantially completed." The trial court scheduled a hearing to take place on January 20, 1998, which never occurred. On January 21, 1998, the plaintiff's trial counsel opened two bank accounts, totaling $262,750, to be used as substituted security for the defendant's lien. The January 20, 1998 hearing was rescheduled to February 17, 1998.

The trial court then rescheduled the February 17, 1998 hearing for March 2, 1998, but the trial court subsequently rescheduled it for March 16, 1998, because the defendant's counsel claimed that he did not have notice of the hearing. On March 9, 1998, the defendant's counsel filed a motion for a continuance of the March 16, 1998 hearing, claiming that he needed to visit his ailing mother in Florida and could not get a return flight that would allow him to return by the hearing date. The plaintiff, in response, filed an objection to the defendant's motion, noting that an officer of the plaintiff corporation had altered her vacation plans and had forfeited an airline ticket to attend the hearing. The plaintiff further indicated in its objection that there were several flights available to the defendant's counsel that would have allowed him to return by the date of the hearing.

On March 16, 1998, the plaintiff appeared for the hearing on its application to discharge the mechanic's lien. Neither the defendant nor the defendant's counsel

appeared in court that day. Because the defendant failed to appear at the hearing, the trial court granted the plaintiff's motion to discharge the mechanic's lien and ordered the immediate release of the escrow funds. On March 19, 1998, the defendant filed a motion for reconsideration, this appeal and an application for stay pending appeal. On July 1, 1998, the trial court granted the application for stay pending appeal.[1]

I

The defendant first claims that the trial court improperly failed to conduct a hearing prior to discharging the mechanic's lien as required by General Statutes § 49-35a. We disagree.

Section 49-35a (a) provides in relevant part that "[w]henever one or more mechanics' liens are placed upon any real estate . . . the owner of the real estate . . . may make application . . . that a hearing or hearings be held to determine whether such lien or liens should be discharged or reduced. The court or judge shall thereupon order reasonable notice of the application to be given to the lienor or lienors named therein and, if the application is not made by all owners of the real estate as may appear of record, shall order reasonable notice of the application to be given to all other such owners, and shall set a date or dates for the hearing or hearings to be held thereon. . . ." General Statutes § 49-35b (a) provides: "Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a may appear, be heard and prove by clear and convincing evidence that the validity of the lien should not be

---

[1] The record does not indicate that the trial court has taken any action on the motion for reconsideration.

sustained or the amount of the lien claimed is excessive and should be reduced."

Although the defendant claims that the trial court improperly discharged the lien without first holding a hearing, the record reveals that the trial court scheduled a hearing for March 16, 1998, for which the defendant failed to appear even though he had requested it himself and therefore had adequate notice of it. The trial court concluded that because the defendant failed to appear for the hearing on that date, it thereby failed to establish the probable cause necessary to sustain the validity of the lien. Even though the defendant had previously filed a motion requesting a continuance, the trial court did not act on the motion until the hearing. The defendant, therefore, forfeited its rights to defend against the plaintiff's application by failing to appear for the hearing. See *Connecticut National Bank* v. *Oxenhandler*, 30 Conn. App. 541, 545–46, 621 A.2d 300, cert. denied, 225 Conn. 924, 625 A.2d 822 (1993); see also Practice Book §§ 17-19 and 17-33 (a).

II

The defendant's second claim is that the trial court improperly denied its motion for a continuance and improperly discharged the lien in the absence of its counsel. The defendant's claim is without merit.

This court will not interfere with a trial court's decision to deny a motion for a continuance unless the trial court abused its discretion. *Great Country Bank* v. *Pastore*, 241 Conn. 423, 437, 696 A.2d 1254 (1997). "Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 538, 429 A.2d 801 (1980).

Our review of the record reveals that the trial court did not abuse its discretion in denying the defendant's

motion for a continuance and in discharging the defendant's lien. The trial court scheduled the March 16, 1998 hearing, and the defendant did not appear even though the trial court had not acted on his motion for a continuance prior to the hearing. The trial court was not bound to grant the defendant's outstanding motion simply because the defendant's counsel was not present in court on the day of the hearing. Accordingly, we conclude that the trial court properly denied the defendant's motion for a continuance at the hearing and properly discharged the defendant's lien.

## III

The defendant's final claim is that the trial court improperly authorized the release of the two escrow accounts in violation of the stay provision of General Statutes § 49-35c (b).[2]

Assuming that the trial court inadvertently ordered the release of the escrow funds in violation of the stay provision of § 49-35c (b), we conclude that the claim is moot because the funds already had been distributed in accordance with the trial court's order discharging the mechanic's lien. Because the trial court properly discharged the mechanic's lien, there was no need for the funds to have been held as security. "Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties." (Internal quotation marks omitted.) *Twichell* v. *Guite,* 53 Conn. App. 42, 51, 728 A.2d 1121 (1999). We conclude

---

[2] General Statutes § 49-35c (b) provides in relevant part: "No appeal may be taken from the order except within seven days thereof. The effect of the order shall be automatically stayed for the seven-day period. If an appeal is taken within the seven-day period, the party taking the appeal may, within that period, file an application with the clerk of the court . . . requesting a stay of the effect of the order pending the appeal . . . . Upon the filing of the application, the effect of the order shall be further stayed until a decision is rendered thereon. . . ."

that the defendant's claim is moot because we can no longer grant any practical relief. See id., 52.

The judgment is affirmed.

In this opinion the other judges concurred.