FEDERAL INSURANCE COMPANY ET AL. *v.*
GREGORY M. GABRIELE
(AC 18959)

Foti, Landau and Dupont, Js.

Submitted on briefs June 9—officially released August 10, 1999

"Q. Okay. Now, you negotiated the deal and eventually there was a closing?
"A. Right."

*Lawrence S. Hillman* filed a brief for the appellants (plaintiffs).

*Opinion*

PER CURIAM. The sole issue in this appeal is whether the trial court improperly denied the plaintiffs' motion to open a judgment of dismissal, rendered pursuant to Practice Book § 14-3,[1] as untimely. We conclude that it did and reverse the judgment of the trial court.

The plaintiffs[2] commenced this negligence action against the defendant on May 7, 1996, seeking damages in connection with an automobile accident. The trial court dismissed the action as dormant on June 20, 1997, for failure to prosecute said action with reasonable diligence. A notice of the June 20, 1997 dismissal, dated June 27, 1997, was sent to the plaintiffs. The plaintiffs filed a motion to open the judgment of dismissal on October 27, 1997, claiming that good cause existed for opening the judgment and allowing the plaintiffs to pursue their action. The plaintiffs' motion to open was denied by the trial court on December 2, 1997, notice being sent on December 12, 1997. The notice of the trial court's denial of the plaintiffs' motion to open the judgment stated: "Please be advised that the court

---

[1] Practice Book § 14-3 provides in relevant part: "(a) If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to Section 11-1, or on its own motion, render a judgment dismissing the action with costs. . . ."

[2] The plaintiffs are the Federal Insurance Company and its insured, Kathleen M. Wallace.

(Moraghan, J.) entered the following orders on December 2, 1997: As to motion 102, motion to open judgment of dismissal, 'Denied. Four month period has elapsed: 6/20 - 10/27.' " The plaintiffs filed a motion to reargue the trial court's decision, which was denied by the trial court. The plaintiffs have appealed from the decisions of the trial court denying their motions to open the judgment of dismissal and to reargue.[3]

The plaintiffs claim on appeal that the four month period in which to file a motion to open the judgment of dismissal commenced when notice of the judgment was issued, namely, June 27, 1997, and not June 20, 1997, the date the judgment was rendered. Therefore, the plaintiffs claim that because their motion to open was filed on October 27, 1997, four months from the date notice issued on the judgment, the trial court improperly denied the motion as untimely. We agree with the plaintiffs.

"Our courts have the inherent authority to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice." *Ziruk* v. *Bedard*, 45 Conn. App. 137, 138, 695 A.2d 4, cert. denied, 243 Conn. 905, 701 A.2d 339 (1997). For a trial court to open a civil judgment, a motion to open or set aside must be filed "within four months succeeding the date on which notice was sent." Practice Book § 17-4 (a). "When a motion to open is timely filed, our review is limited to whether the court has acted unreasonably or has abused its discretion. . . . When the motion to open is not timely and the time limitation has not been waived, however, the trial court lacks jurisdiction to open the judgment." (Citations omitted.) *Ziruk* v. *Bedard*, supra, 139. "Whether a party has been given notice is a question of fact . . . and where a trial court finds that notice

[3] We do not consider the plaintiffs' claim relating to the denial of their motion to reargue in view of our disposition of this case.

has been given, we limit our review to whether that finding was clearly erroneous." (Citations omitted.) *Batory* v. *Bajor*, 22 Conn. App. 4, 9, 575 A.2d 1042, cert. denied, 215 Conn. 812, 576 A.2d 541 (1990).

Here, the trial court denied the plaintiffs' motion to open the judgment of dismissal, stating: "Denied. Four month period has elapsed: 6/20 - 10/27." The trial court, in effect, determined that it lacked jurisdiction to entertain the plaintiffs' motion because the motion was not timely filed. Although the judgment of dismissal was rendered on June 20, 1997, the date the trial court relied on as commencing the four month period, notice of that judgment was not sent until June 27, 1997. Therefore, the issue before us is whether the dispositive date for determining whether the plaintiffs filed their motion to open within the four month period is the date that notice of the judgment issued or the date that the judgment was rendered.

Practice Book § 17-4, formerly § 326, was amended in 1997[4] to provide that a motion to open or set aside a judgment must be filed "within four months *succeeding the date on which notice was sent,*" changing former § 326, which provided that a motion to open or set aside must be "filed within four months of the *entry of judgment.*" (Emphasis added.) Practice Book § 17-4 clarifies the issue of when the four month period commences by providing that the four month period does not commence until the date on which notice of the judgment is sent.

The plaintiffs' motion, having been filed within four months succeeding the date on which notice was sent, was, therefore, timely filed. The trial court improperly relied on the date the judgment was rendered in determining whether the plaintiffs' motion was filed

---

[4] The amendment became effective October 1, 1997. The plaintiffs filed their motion to open the judgment of dismissal on October 27, 1997.

within the four month time period, and, therefore, its finding that the motion was untimely cannot stand.

The judgment is reversed and the case is remanded for consideration of the merits of the plaintiffs' motion to open the judgment of dismissal.