[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 3, 1999
Judgments — Opening — In General — Underlying Judgment Cannot Be Collaterally Attacked in a Proceeding to Foreclose on a Judgment Lien. The Underlying judgment cannot be collaterally attacked in a proceeding to foreclose on a judgment lien.
Execution — Exemptions — Homestead Exemption Homestead Exemption Does Not Apply to Obligations that Arose Prior to Adoption of the Exemption Act. The Homestead Exemption, Created by P.A 93-301 and codified at CGS § 52-352b, does not apply to obligations arising before the effective date of the Act, October 1, 1993. Therefore the exemption does not bar execution on a foreclosure judgment on a mortgage executed before the effective date.
The plaintiff filed its complaint in this fore closure action on December 10, 1997. The complaint alleges that the plaintiff obtained a deficiency judgment on September 15, 1997, against the defendant. When the judgment went unsatisfied, the plaintiff caused a certificate of judgment lien to be filed against the defendant's property. The plaintiff alleges that to date the judgment has not been satisfied and therefore, it seeks to foreclose the judgment lien. The defendant filed an answer and special defenses on February 16, 1999. On April 22, 1999, the plaintiff moved to strike the defendant's special defenses the defendant has not filed an opposing memorandum of law.
"A motion to strike challenges the legal sufficiency of a pleading. (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992) In addition, the issue of the legal sufficiency of a special defense to a cause of action may be tested by a motion to strike. Girard v. Weiss, 43 Conn. App. 397, 417,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996);Connecticut National Bank v. Voog, 233 Conn. 352, 354,658 A.2d 172 (1995); Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992); Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (1983). "[T]he trial court [is] obliged . . . to assume the truth of the allegations contained in the defendants special defenses and counterclaim." (Internal quotation marks omitted.) Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc.190 Conn. 528, 530 n. 2, 461 A.2d 1369 (1983).
The defendant's first special defense alleges that the prior judgment is void because there was no deficiency in fact as to the plaintiff. The plaintiff argues that the prior judgment is res judicata and bars the defendant from raising this issue. In addition, the plaintiff argues that, in order to attack the deficiency judgment, the defendant should have moved to reopen the judgment within the four months subsequent to the judgment under General Statutes § 52-212.
"Our courts have the inherent authority to open, correct and modify judgment, but this authority is restricted by statute and the rules of practice . . . For a trial court to open or set aside a . . . judgment, a motion to open or a motion to set aside must be filed within four months of the date judgment is rendered. General Statutes § 52-212 (a) . . .; Practice Book § 377 . . . Where, as here, the motion to open is not timely and the time limitation has not been waived, the trial court lacks CT Page 13315 jurisdiction to open the judgment. Connecticut National Bank v.Oxenhandler, 30 Conn. App. 541, 546-47, 621 A.2d 300, cert. denied, 225 Conn. 924, 625 A.2d 822 (1993). The defendant cannot: collaterally attack the deficiency judgment in this action to foreclose the judgment lien. See ConnecticutNational Bank v. Oxenhandler, supra, 30 Conn. App. 541:Lawall Realty Limited Partnership v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994) (Leuba, J.); Lawall Realty LimitedPartnership v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (January 10, 1994) (Parker, J.) (action to foreclose judgment lien is not the place to mount a collateral attack on prior judgment); 129 MainStreet North Partnership v. Tunsky, Superior Court, judicial district of Litchfield, Docket No. 052059 (September 3, 1991) (Pickett, J.) (defendant may not raise matters by way of special defense which should have been raised in previous action). Accordingly, the plaintiffs motion to strike the defendant's first special defense is granted.
The second special defense alleges that the mortgage to David MacKay is prior in right to the plaintiff's judgment lien. The plaintiff argues in support of its motion to strike that this claim creates an issue of priority which is properly raised by a motion to determine priorities under Practice Book § 23-17
rather than by a special defense. Section 23-17 provides that "any party seeking a judgment of strict foreclosure shall file, with the motion for judgment, a list indicating the order in which law days should be assigned to the parties to the action . . . Objections to the order of law days indicated on said list shall be considered in the context of a motion for determination of priorities which motion must be filed prior to the entry of judgment." At this point in time, the plaintiff has not moved for a judgment of strict foreclosure. Therefore §23-17 is not applicable to this motion to strike.
However, Practice Book § 10-50, formerly § 164, provides that "[f]acts which are consistent with [the allegations in the complaint] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." See alsoGrant v. Bassman, 221 Conn. 465, 604 A.2d 814 (1992). The defendant's allegation that the plaintiffs mortgage is subsequent in right to the mortgage to David MacKay does not show that the plaintiff has no right to bring this foreclosure action. Foreclosing the plaintiffs judgment lien would have no effect on David MacKay's interest if it was prior in right to the CT Page 13316 plaintiff's. See Restatement (Third), Property, Mortgages § 7.1. p. 448 (1997). Consequently, the plaintiff's motion to strike the defendant's second special defense is granted, because the special defense fails to show that the plaintiff has no cause of action.
The third special defense alleges that the plaintiff's judgment lien is on the defendant's homestead and, therefore, the property is exempt under General Statutes § 52-352b. The plaintiff argues that the exemption does not apply to the defendant because the $75,000 exemption in § 52-352b only applies to obligations incurred after October 1, 1993. "Connecticut's homestead exemption appears at General Statutes § 52-352b(t). It exempts up to $75,000 of the homestead of the exemptioner from any form of process or court order for the purpose of debt collection. General Statutes § 52-235a(c). The exemption was enacted through Public Act No. 93-301, which provides: This act shall take effect October 1, 1993, and shall be applicable to any lien for any obligation or claim arising on or after said date. Public Acts 1993, No. 93-301. § 3."National Loan Investors v. Reale, Superior Court, judicial district of Hartford at Hartford, Docket No. 577024, 23 CONN. L. RPTR. 454 (December 3, 1998) (Freed, J.). "[C]ourts tend to look at the date of the underlying obligation, not the subsequent lien or judgment, in determining whether the exemption applies. See, e.g., Centerbank v. Associated Risk Services, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 355042 (February 7, 1994) (Booth, J.) (11 CONN. L. RPTR. 57) ('[i]t would appear that the Act is simply inapplicable unless the original obligation or claim for which judicial remedy is now sought arose after the effective date of the Act')." Id. The defendant has not alleged that the underlying obligation arose on or after October 1, 1993, which is a necessary element when pleading an exemption under General Statutes § 52-352b. Accordingly, the plaintiff's motion to strike the defendant's third special defense is granted because the special defense is legally insufficient.
WEST, JUDGE