[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought pursuant to § 52-592 of the General Statutes, the accidental failure of suit statute. The defendant has moved to strike the action on the ground that more than a year passed between the termination of the first action and the commencement of this action.
The file in the first action reveals the following. The underlying event was an automobile accident which allegedly occurred on March 11, 1995. The action was commenced by service on March 11, 1997. On August 4, 1997, the defendant filed a motion for order of compliance, in that the plaintiff reportedly had not responded to a set of interrogatories and request for production dated March 25, 1997. On October 20, 1997, Judge Devlin ordered that a "nonsuit shall enter unless plaintiff complies with defendant's Request for Interrogatories and Production within 30 days." There was no immediate indication as to whether responses were made within the prescribed period.
Various other pleadings were filed, however. An amended complaint was filed on October 22, 1997, which complaint was answered on October 30, 1997. A claim for a jury trial was also filed on October 30. Five months later, on March 27, 1998, the defendant filed a reclaim slip for the motion for order of compliance.[1] A pretrial conference was apparently scheduled for April 7, 1999; reportedly, the discovery requests were responded to in December, 1998.
On May 12, 1999, Judge Berger entered an order that "as a result of Judge Devlin's order 10/20/97 and the fact that there was no compliance, nonsuit has entered as of 11/20/97. This case is dismissed." There was no appeal from Judge Berger's order. CT Page 14457
The case at hand was served on June 28, 1999, and is sought to be brought pursuant to § 52-592 of the General Statutes.[2] The defendant has moved to strike the complaint on the ground that relief cannot be granted. Because the accident allegedly occurred on May 11, 1995,[3] § 52-584 would ordinarily bar the action were it not for § 52-592. The latter statute cannot help the plaintiff in this instance, the defendant argues, because the judgment of nonsuit entered on November 20, 1997, pursuant to Judge Devlin's order, as enunciated by Judge Berger. More than a year passed between the "determination" of the prior action and the commencement of this action.
The plaintiff argues that the effective date of the nonsuit, at least for the purpose of determining the time in which to bring another action pursuant to § 52-592, is not November 20, 1997, but rather is May 12, 1999, the date of the action by Judge Berger and, arguably, the date of "notice" by the court. In the alternative, the plaintiff argues that, because of the actions taken by the defendant which were inconsistent with the entry of a judgment on November 20, 1997, the defendant is estopped from asserting the prior judgment as a bar to this action.
The entry of a provisional disciplinary nonsuit, that is, an order directing the entry of a nonsuit unless something is done by a certain date, is a common and generally salutary practice. It avoids the sometimes draconian step of immediate dismissal, and yet provides a meaningful sanction for noncompliance. The conceptual and at times practical difficulty with the practice is that there is no procedure in place to inform the court whether the party has complied and, therefore, there is no provision for formal notice of the entry of "judgment" of nonsuit.[4] Thus nonsuits may enter somewhat metaphysically, and one is reminded of the tree falling in the forest without an audience: does it make a noise?[5]
The defendant is technically correct in her assertion that the nonsuit occurred on November 20, 1997. The black letter law is that a nonsuit is a judgment and it is effective when ordered. Where a trial judge indicates in a writing filed with the clerk, the subsequent clerical action in entering a judgment of nonsuit relates back to the time that the nonsuit was ordered to be entered. Bogaert v. Zoning Board of Appeals, 162 Conn. 532, 535
CT Page 14458 (1972); Segretario v. Stewart-Warner Corporation,9 Conn. App. 355, 360 (1986). See also Morrissette v. Archembault,31 Conn. Sup. 302 (1974).
Other cases, however, have addressed the issue of notice. InRussell v. Thomas O'Connor and Co., 42 Conn. App. 345 (1996), the Appellate Court held that the period within which to bring a second action pursuant to § 52-593[6] begins with notice of the termination of the first action. The court held that the right to bring a new action under § 52-593 assumes that the party who is to exercise the right be given the opportunity to know that the original action has been terminated.
Cases interpreting the period of time in which to move to open a nonsuit similarly stress the importance of notice. InFederal Insurance Company v. Gabriele, 54 Conn. App. 459 (1999), it was held that the four month period prescribed in § 17-4 ran from the time notice was sent[7] rather than from the date of the dismissal of the first action. See also Ziruk v. Bedard,45 Conn. App. 137.
A separate line of cases holds that parties may waive irregularities by conduct.[8] In In Re Baby Girl B.,224 Conn. 263 (1992), our Supreme Court considered the situation where a party filed a motion to open four months and sixteen days after the rendering of the original judgment. The court granted the motion, but the other side took no action other than to file a motion for an amended petition roughly a month later. The court held that, when the objection to timeliness was later raised, the party had waived any objection to continuing jurisdiction by filing an amended petition without an express preservation of its objection. Id., at 287-92. See also Connecticut National Bank v.Great Neck Development Co., 215 Conn. 143 (1990); Bourque v.Commissioner of Welfare, 6 Conn. Cir. 685, 698-99 (1972) (failing to object can waive a time limit); Carbone v. Zoning Board ofAppeals, 126 Conn. 602, 607-08 (1940) (if one side falls to comply with a time limitation, the other side has the option either of objecting or of submitting to the jurisdiction of the court).
I have found no binding authority precisely on point. The cases which turn on notice to the party in default are not entirely apropos, because the plaintiff in this case had notice that a nonsuit would enter if compliance was not made by November 20, and the plaintiff undoubtedly knew of the noncompliance. And CT Page 14459 although the defendant did nothing to make or to preserve an objection to proceeding after November 20, 1997, and indeed showed by her conduct that she did not consider the case to be terminated, she did object in a timely fashion to the initiation of the second action.
I am persuaded ultimately by several considerations. First, actual notice of entry of judgment on or about November 20, 1997, was never sent because the court was never informed about noncompliance. Section 17-4 of the Practice Book is closely related to § 52-592 of the General Statutes, and § 17-4 specifically states that the time in which to file a motion to open shall not begin to run until notice is sent.[9] While it may at first blush seem rather fatuous to require formal notice where, as in this case, the plaintiff ought to have actual knowledge of the situation, there is no other practical way of establishing a clearly defined modus operandi. The procedure followed in Rodriguez v. Mallory Battery Co., supra, for example, is neither arduous nor unwieldy.
Second, the defendant certainly seemed to sit on her rights. Rather than notify the plaintiff that the case was over, or remain silent as a sphinx, the defendant continued to proceed with the litigation and even sent a letter, after the nonsuit had theoretically entered, in which she demanded discovery responses and indicated that she would renew the motion for nonsuit. From all that appears in the file, an inference could be made that the parties had an agreement not to press or to enforce the nonsuit, so that the plaintiff would not have to file a motion to open.
In the circumstances of this case, I find that the judgment entered in the prior action on November 20, 1997. For purposes of fixing the time periods in which further actions could be taken, I find that the beginning point is the date of formal notice, or May 12, 1999. This result is consistent with, though not compelled by, § 17-4 of the Practice Book.
The motion to strike is denied.
Beach, J.