[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO OPEN
This action arises out of the auction of personal property of the plaintiff Renee Denkert, by the defendants, Kathy and Gary Braswell, individually and d/b/a Braswell Galleries and Braswell Galleries, Inc. The plaintiff claims that the defendants failed to pay her the full amount due to her pursuant to the terms of the auction agreement.
On February 6, 1997, the plaintiff brought this action against Kathy and Gary Braswell, individually and d/b/a Braswell Galleries. The plaintiff then commenced a separate action against Braswell Galleries, Inc. and the two cases were consolidated on January 7, 1998. The plaintiff filed a revised complaint in the second action in which she asserts cause of action against the defendants for breach of contract (count one), wrongful conversion (count two), unjust enrichment (count three), misrepresentation (count four), fraudulent misrepresentation (count five), and violations of the Connecticut Unfair Trade Practices Act (count six).
The case was referred to an attorney trial referee (ATR) who filed his report on June 19, 1999. The ATR recommended that judgment be entered in favor of the plaintiff on counts two and three and in favor of the defendants on counts one, four, five, and six. The plaintiff filed a motion to enter judgment in accordance with the ATR's report which, according to the parties, appeared on the short calendar on July 12, 1999. The parties' attorneys agreed to ask the court to mark the motion off the short calendar so the defendants could file an objection to the acceptance of the ATR's report. The plaintiff's attorney asked the clerk's office to mark the motion off the calendar, however, the motion was not marked off and on July 23, 1999, the court entered judgment in accordance with the ATR's report. On July 27, 1999, the defendants filed a motion to reject the ATR's report which the plaintiff objected to on the ground that it was untimely. On September 1, 1999, the defendants filed a motion to open judgment. The plaintiff filed an objection to the motion to open judgment and a memorandum in support thereof. Although the motion to open judgment was initially granted by the court "without objection," Rush, J., on February 7, 2000, the court, Rush, J., vacated its previous ruling and granted the plaintiff's motion to reargue the motion to open the judgment "to the extent of arguing motion to reopen." The defendants filed an objection to the motion to reargue and the CT Page 11561 plaintiff filed a response thereto.
"Our courts have the inherent authority to open, correct or modify judgments, but this authority is restricted by statute and the rules of practice." (Internal quotation marks omitted.) Ziruk v. Bedard,45 Conn. App. 137, 138, 695 A.2d 4, cert. denied, 243 Conn. 905,701 A.2d 339 (1997). For a trial court to open a civil judgment, a motion to open or set aside must be filed "within four months succeeding the date on which notice was sent." Practice Book § 17-4(a). Because the defendants' motion to open judgment was timely, the only question remaining is whether it should be granted.
In considering a motion to open judgment that has been timely filed, the court must exercise its discretion. See Ziruk v. Bedard, supra,45 Conn. App. 139. A party seeking to open a judgment under § 17-4 of the Practice Book must demonstrate that "there is a good and compelling reason" for the court to grant the motion. Hirtle v. Hirtle, 217 Conn. 394,398, 586 A.2d 578 (1991). A motion to open judgment "is not to be granted readily, nor without strong reasons." Breen v. Breen, 18 Conn. App. 166,557 A.2d 140, cert. denied, 212 Conn. 801, 560 A.2d 984 (1989).
The defendants argue that the court should open the judgment rendered on July 23, 1999, because defendants acted with due diligence to have the motion to enter judgment in accordance with the ATR's report marked off the short calendar, and there are good reasons why a judgment should not be entered in accordance with the ATR's report. In opposition, the plaintiff contends that because the defendants' motion to reject the ATR's report was not timely, they cannot show good cause for granting their motion to open the judgment.
The procedures governing ATR reports are found in chapter 19 of the Practice Book. "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee or attorney trial referee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted" Practice Book § 19-14(a). "Objections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding, or if a motion to correct the report or finding has been made, within two weeks from the filing of the decision on the motion." Practice Book § 19-15.[1]
In the present case, the ATR's report was filed and notice was mailed on June 16, 1999. Therefore, the two week period to file objections began to run on June 16, 1999 and ended on June 30, 1999. See Practice Book § 19-15. The defendants filed their objection on July 27, 1999, CT Page 11562 twenty-seven days late. Therefore, the defendants' objection was filed untimely, and the court should not consider it unless the plaintiff waived the issue of timeliness. See Rowan Construction Corp. v. Hassane,213 Conn. 337, 342, 567 A.2d 1210 (1990). Any issue as to timeliness of an objection to an ATR's report is deemed waived if not objected to by the opposing party. See Id. Because the plaintiff properly objected to the untimeliness of the defendants' filing, she did not waive this issue. Therefore, the court will not consider the defendants' untimely objection to the acceptance of the ATR's report.
Accordingly, the fact that the defendants worked diligently to postpone the court's consideration of the motion to enter judgment in accordance with the ATR's report on July 12, 1999, is unavailing. The defendants' sole purpose for seeking the postponement was to submit their objection to the ATR's report, but their objection was already untimely. If there are "no timely [objection] or motion to correct filed . . . the court may accept the attorney trial referee's recommendation as if no objection has been filed." Robert Half International, Inc. v. J.S. Nasin Co., Superior Court, judicial district of Tolland at Rockville, Docket No. 062868 (April 17, 1998, Kaplan, J.) See also Wood Design, Inc. v. Garofalo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309128 (February 14, 1995, Levin, J.), aff'd., 43 Conn. App. 905,683 A.2d 32 (1996). Thus, even if the defendants had successfully delayed the entering of judgment until after they filed their objection, this would have no bearing on the court's decision. The court would still find the defendants' objection to be untimely.
Therefore, the court finds that the defendants have not demonstrated that there is a good and compelling reason for the court to grant their motion to open judgment, and the defendants' motion to open judgment is denied.
SKOLNICK, J.