JERRYL L. KEANE *v.* PHILIP H. SMITH

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MacDONALD, Js.

Argued May 4—decided May 24, 1972

*Jerryl L. Keane,* pro se, the appellant (plaintiff).

*Anthony M. Fitzgerald,* for the appellee (defendant).

PER CURIAM. The plaintiff's complaint sounded in malpractice and, in essence, alleged many acts of unprofessional conduct against the defendant, an attorney-at-law, who represented the plaintiff in a suit for damages arising from an automobile accident. That suit resulted in a verdict for $7000 in favor of the plaintiff and it is her claim that the verdict would have been larger except for the alleged deficiencies in the defendant attorney's presentation of her case. By stipulation, the case at bar was referred for trial before the Hon. Patrick B. O'Sullivan, a state referee, who found the issues for the defendant and rendered judgment accordingly. From that judgment the plaintiff has appealed.

The plaintiff acted as her own counsel both on the trial of the case at bar and on this appeal. The appeal record is completely devoid of anything to

support her numerous assignments of error. Not only was there no request for a finding but no draft finding was submitted and, consequently, no finding was made. There is no appendix to the brief of the plaintiff as required by Practice Book § 645, where a party on appeal desires to refer to evidence submitted at the trial. Under the circumstances, we limit our review to the facts which appear on the face of the record, which are those admitted in the pleadings and those appearing in the judgment. *Farrell* v. *Spangle,* 151 Conn. 709, 710, 200 A.2d 487.

In the absence of a finding and appendix containing relevant evidence, we can properly turn to the memorandum of decision to ascertain the grounds on which the court acted. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 226, 215 A.2d 123; Maltbie, Conn. App. Proc. § 152. We find there the statement of the trial referee, sitting as a court: "The evidence, before me, of what occurred prior to and during the trial of her accident case reveals nothing—absolutely nothing—to justify the claim of incompetence and negligence that the plaintiff levels at the defendant. On the contrary, from the time when the relationship of attorney and client began, the defendant demonstrated, to a high degree, all of the characteristics required of him by law. Throughout his employment with Miss Keane, he acted with great skill and with the highest concern for the advancement of his client's cause. He met and fulfilled his duty to her in an exemplary manner."

We find absolutely nothing in the record which would cast doubt on the validity of this conclusion or substantiate the plaintiff's claims of error.

There is no error.