OLIVER FORNEY *v.* RICHARD M. STEINERT, SUPERINTENDENT, CORRECTIONAL INSTITUTION AT ENFIELD

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

Argued November 12—decision released December 2, 1975

*Stephen Wizner,* with whom, on the brief, were *Dennis E. Curtis* and *Michael J. Churgin,* for the appellant (plaintiff).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (defendant).

Per Curiam. This is an appeal from a judgment of the Superior Court dismissing the plaintiff's petition for a writ of habeas corpus. In his petition the plaintiff alleged his confinement at the Connecticut correctional institution at Somers to serve a term of six to nine years following his 1971 conviction, after a jury trial, for the sale of heroin. The petition alleged that the imprisonment was illegal because at his trial the state did not produce competent evidence that the substance sold was in fact heroin and, further, that although the plaintiff's time to appeal from his conviction had expired he "did not deliberately bypass the issue raised in this petition." Although it was alleged that this issue had not been raised by any previous application for a writ of habeas corpus, the petition did recite that the plaintiff had previously filed an application for a writ on grounds of ineffective assistance of counsel which was dismissed and thereafter he filed another petition in the United States District Court on the same grounds which petition was also dismissed. His brief recites that that dismissal was affirmed by the Court of Appeals for the Second Circuit on February 20, 1974.

In this appeal, the plaintiff filed an assignment of errors asserting that "[t]he Court erred in finding that" (1) the plaintiff was not deprived of his constitutional right to confront and cross-examine the witnesses against him; (2) his conviction was not based on incompetent evidence; (3) the prosecution did not fail to prove by competent evidence that the substance allegedly sold was heroin; and (4) the plaintiff deliberately bypassed the issues raised in his petition.

While we observe from an examination of the exhibits and the contents of the appendices to the

briefs filed on this appeal that there was before the court ample evidence to support each of the claimed findings of the court asserted to be erroneous, the fact of the matter is that the plaintiff never requested that the court make a finding, nor did he file a draft finding (Practice Book, formerly § 609, now § 612B and §§ 613, 614), and the record contains no finding.

In these circumstances, while the court's memorandum of decision cannot take the place of a finding, we can turn to it to ascertain the grounds on which the court acted. *Davenport Taxi, Inc.* v. *State Labor Commissioner,* 164 Conn. 233, 319 A.2d 386; *Keane* v. *Smith,* 163 Conn. 606, 607, 316 A.2d 416, cert. denied, 409 U.S. 1113, 93 S. Ct. 927, 34 L. Ed. 2d 696. That examination discloses no basis for finding error in the conclusion of the court that the plaintiff's petition should be dismissed.

There is no error.