STATE OF CONNECTICUT *v.* JAY B. GIBBS

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1026

Argued June 22 – decided October 23, 1981

*Jay B. Gibbs,* pro se, the appellant (defendant).

*Carl R. Ajello,* attorney general, and *Seymour P. Dunn,* assistant attorney general, for the appellee (state).

SHEA, J.  The defendant took this appeal from a judgment entered against him in a proceeding for the support of his wife and child; General Statutes § 17-324; in which the court found the arrearage to be $3746.16 and ordered the defendant to pay $25 per

week by means of a wage execution. The defendant has failed to file a transcript, however, which is required by Practice Book §§ 3012 (c) and 3060V for an appeal which relies upon facts or other matters not ascertainable from the record.[1] We are unable, therefore, to consider the defendant's claims of error relating to the sufficiency of the evidence as well as certain conduct of the trial court and of the agency which brought the petition.

The court is inclined to be indulgent of lay persons like the defendant who represent themselves in legal proceedings; *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 373, 439 A.2d 396 (1981), as evidenced here by our waiving the formal requirements of a brief. Practice Book § 3060F. See generally, *Keane* v. *Smith,* 163 Conn. 606, 607, 316 A.2d 416, cert. denied, 409 U.S. 1113, 93 S. Ct. 927, 34 L. Ed. 2d 696 (1972). We cannot excuse, however, the failure to comply with those rules which are necessary for the disposition of the appeal. *State* v. *Melechinsky,* 36 Conn. Sup. 547, 419 A.2d 900 (1980).

The court is able, nevertheless, to conduct a limited review based upon the facts appearing on the face of the record, which are those admitted in the pleadings and those appearing in the judgment. *Keane* v. *Smith,* supra. Accordingly, we review the following claims of error: (1) that the petition served upon the defendant when this action commenced stated a different amount of support in arrears than was found in the judgment; and (2) that the issuance of a wage execution was inconsistent "with the letter and spirit" of General Statutes § 17-324.

---

[1] The defendant has also failed to file a certificate stating that a transcript is unnecessary for consideration of the issues raised, as required by Practice Book § 3012 (c).

I

The basis of the defendant's first claim of error is that the support petition alleged an arrearage of $2509.40 "through 12/28/79," while the judgment found the arrearage to be $3746.16 as of April 30, 1980. This discrepancy between the complaint and judgment does not constitute a variance, however, since it properly reflects an additional period of about four months. A judgment may include additional damages which have accrued while the action was pending. See generally, General Statutes § 52-236.

II

The defendant's second claim concerns whether the issuance of the wage execution by the court was authorized by General Statutes § 17-324.[2] Under this statute, the department of human resources may petition the Superior Court to order a respondent to make reasonable payments for the support of members of his family who are beneficiaries of public assistance. The court is also empowered to make and enforce orders for the payment of unpaid support obligations, or arrearages, for which a respondent has been found liable.

---

[2] General Statutes § 17-324, at time of this proceeding, provided in relevant part: "The superior court shall have authority to make and enforce orders for payment of support to the commissioner of administrative services . . . . Proceedings to obtain such orders of support shall be instituted by a verified petition of the commissioner of administrative services, the commissioner of income maintenance or the commissioner of human resources or their designees, filed by any of said commissioners or their designees in the geographical area in which the patient, applicant, beneficiary, recipient or the defendant resides. Upon the filing of such petition, the judge shall cause a summons, signed by him or by the clerk or assistant clerk of said court, to be issued, requiring such liable person or persons to appear in court at a time and place named for hearing upon such petition. Service may be made by any investigator employed in the department of income maintenance or the department of human resources or by the commissioner of administrative services. Upon proof of the service of the summons to appear in court at the time and place named for hearing upon such petition, the failure of the defendant to appear, shall

The defendant argues that § 17-324 does not authorize the issuance of a wage execution, which can only be issued after a respondent has failed to obey a *previous* court order. The order of support that is the subject of this appeal, however, is the first such order issued against this defendant. The only other order revealed in the record was the citation to appear, with which he complied. There is no indication in the record that the defendant had disobeyed any other court order.

While the defendant's argument is a correct interpretation of § 17-324, it ignores another statute which is dispositive of the issue. General Statutes § 52-362a[3] expressly provides that any court having jurisdiction to make and enforce orders for support is authorized to issue a wage execution at the time of

---

not prohibit the court from going forward with the hearing. *Failure of any such defendant to obey any order made hereunder may be punished as contempt of court.* Upon proof of the service of the summons to appear in court at the time and place named for a hearing upon the failure of the defendant to obey the court order as contempt of court, the court may order a capias mittimus be issued, and directed to some proper officer to arrest such defendant and bring him before the court for the contempt hearing. The costs of commitment of any person imprisoned therefore shall be paid by the state as in criminal cases. When any such defendant is so found in contempt, the court may award to the petitioner a reasonable attorney's fee and the fees of the officer serving the contempt citation, such sums to be paid by the person found in contempt. *In addition to or in lieu of such contempt proceedings, the court, upon a finding that any person has failed to obey any order made hereunder, may issue an order directing that execution issue* against such amount of any debt accruing by reason of personal services due and owing to such person in accordance with sections 52-362 and 52-362a, or against such lesser amount of such excess as said court deems equitable, for payment of accrued and unpaid amounts due under such order and all amounts which thereafter become due under such order . . . ." (Emphasis added.)

[3] General Statutes § 52-362a provides: "(a) Any court having jurisdiction to make and enforce orders for support to be paid by liable persons shall have authority to order execution as provided in section 52-362 against the wages or earnings of any obligor either (1) *at the time of making of any such order of support,* or (2) upon motion of the state reciting an arrearage due under any such order of support if such motion is accompanied by an affidavit verifying the amount due, without notice of hearing of, or hearing upon, such motion." (Emphasis added.)

making any such order of support.[4]   This statute therefore authorizes the issuance of the order from which the defendant has appealed.

There is no error.

In this opinion DALY and BIELUCH, Js., concurred.

---

[4] The defendant has made no reference to General Statutes § 52-362, which, like § 17-324, authorizes the issuance of a wage execution only after a respondent has failed to obey a previous support order.   Section 52-362 has been effectively amended, however, by the adoption of § 52-362a, which allows a wage execution to be issued concurrently with a support order.   Compare remarks of Sen. Dupont, chairman of the Joint Standing Comm. on Public Welfare & Humane Institutions, 13 S. Proc., Pt. 4, 1969 Sess., pp. 1834–35, and Connecticut Joint Standing Comm. Hearings, Public Welfare & Humane Institutions, pp. 22–27, 1969, with 8 S. Proc., Pt. 8, 1959 Sess., pp. 3791–92, and Connecticut Joint Standing Comm. Hearings, Judiciary and Governmental Functions, Pt. 3, pp. 917–19, 1959.