The defendant took this appeal from a judgment entered against him in a proceeding for the support of his wife and child; General Statutes 17-324; in which the court found the arrearage to be $3746.16 and ordered the defendant to pay $25 per week *Page 841 
by means of a wage execution. The defendant has failed to file a transcript, however, which is required by Practice Book 3012(c) and 3060V for an appeal which relies upon facts or other matters not ascertainable from the record.[1] We are unable, therefore, to consider the defendant's claims of error relating to the sufficiency of the evidence as well as certain conduct of the trial court and of the agency which brought the petition.
The court is inclined to be indulgent of lay persons like the defendant who represent themselves in legal proceedings; Burritt Mutual Savings Bank of New Britain v. Tucker, 183 Conn. 369,373, 439 A.2d 396 (1981), as evidenced here by our waiving the formal requirements of a brief. Practice Book 3060F. See generally, Keane v. Smith, 163 Conn. 606, 607, 316 A.2d 416, cert. denied, 409 U.S. 1113, 93 S.Ct. 927,34 L.Ed.2d 696 (1972). We cannot excuse, however, the failure to comply with those rules which are necessary for the disposition of the appeal. State v. Melechinsky, 36 Conn. Sup. 547, 419 A.2d 900
(1980).
The court is able, nevertheless, to conduct a limited review based upon the facts appearing on the face of the record, which are those admitted in the pleadings and those appearing in the judgment. Keane v. Smith, supra. Accordingly, we review the following claims of error: (1) that the petition served upon the defendant when this action commenced stated a different amount of support in arrears than was found in the judgment; and (2) that the issuance of a wage execution was inconsistent "with the letter and spirit" of General Statutes 17-324. *Page 842 
 I
The basis of the defendant's first claim of error is that the support petition alleged an arrearage of $2509.40 "through 12/28/79," while the judgment found the arrearage to be $3746.16 as of April 30, 1980. This discrepancy between the complaint and judgment does not constitute a variance, however, since it properly reflects an additional period of about four months. A judgment may include additional damages which have accrued while the action was pending. See generally, General Statutes 52-236.
 II
The defendant's second claim concerns whether the issuance of the wage execution by the court was authorized by General Statutes 17-324.[2]
Under this statute, the department of human resources may petition the Superior Court to order a respondent to make reasonable payments for the support of members of his family who are beneficiaries of public assistance. The court is also empowered to make and enforce orders for the payment of unpaid support obligations, or arrearages, for which a respondent has been found liable. *Page 843 
The defendant argues that 17-324 does not authorize the issuance of a wage execution, which can only be issued after a respondent has failed to obey a previous court order. The order of support that is the subject of this appeal, however, is the first such order issued against this defendant. The only other order revealed in the record was the citation to appear, with which he complied. There is no indication in the record that the defendant had disobeyed any other court order.
While the defendant's argument is a correct interpretation of 17-324, it ignores another statute which is dispositive of the issue. General Statutes 52-362a[3] expressly provides that any court having jurisdiction to make and enforce orders for support is authorized to issue a wage execution at the time of *Page 844 
making any such order of support.[4] This statute therefore authorizes the issuance of the order from which the defendant has appealed.
 There is no error.
In this opinion DALY and BIELUCH, Js., concurred.