VIRGINIA C. FEDELE *v.* MICHAEL ROMERO

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1166

Argued November 24, 1981–decided January 8, 1982

*Monte P. Radler,* for the appellant (defendant).

*Carl R. Ajello,* attorney general, and *Wilbur Ward Dinegar*, assistant attorney general, for the appellee (plaintiff).

DALY, J. The plaintiff brought this paternity action, in which the state of Connecticut has intervened as an interested party, against the defendant on August 27, 1980. After a hearing on the merits, the trial court

ordered him to pay to the plaintiff $3500 in accrued maintenance and support at the weekly rate of $15, as well as $60 per week for future child support. The defendant filed a timely motion to open the judgment, claiming that when rendering judgment, the trial court had before it insufficient evidence of his living expenses. The court's denial of this motion is the basis of the defendant's appeal.[1]

The defendant has alleged that when the trial court established support and maintenance payments, it had before it insufficient evidence of his living expenses. The trial court's conclusion must stand if it is reasonable. *Bachmann* v. *Reardon*, 138 Conn. 665, 667, 88 A.2d 391 (1952). The validity of a claim that a decision is unsupported by the evidence may be tested only by reference to the record together with exhibits and transcripts filed in the matter. *Morningside Assn.* v. *Morningside Development, Inc.*, 172 Conn. 60, 63, 372 A.2d 141 (1976). Recognizing the heavy burden that an appellant bears in this regard; *St. Pierre* v. *St. Pierre*, 172 Conn. 11, 12, 372 A.2d 129 (1976); drafters of the Practice Book included a section that permits parties to support their allegations of error with specific reference to pertinent portions of the transcript of trial court proceedings. Practice Book § 3060V. The defendant, however, has not submitted a transcript to support his allegations of error. As we have previously held, since the defendant failed to file a transcript as required by Practice Book §§ 3012 and 3060V, we are unable to consider the

---

[1] The trial court also denied a second motion to open judgment, based on a new blood testing procedure, which was filed by the defendant after he brought this appeal. Although Practice Book § 3062 allows a defendant to appeal from a ruling made by the trial court "subsequent to the filing of the appeal . . . ," the defendant has neither appealed from the court's denial of the second motion to open the judgment nor complied with the aforesaid section, which requires an appellant who wishes to have the post-appeal judgment reviewed to "file notice thereof with the chief clerk . . . within twenty days of the issuance of the ruling."

errors claimed with respect to the sufficiency of the evidence. *State* v. *Gibbs*, 37 Conn. Sup. 840, 841, 439 A.2d 451 (1981).

The defendant also contends that the trial court erred because it failed to state the factual basis of its award of maintenance and support. Specifically, the defendant avers that the court did not comply with Practice Book § 3060B, which provides that "the court shall . . . state its decision on the issues in the case, and, if there are factual issues, the factual basis of its decision."

This action involved the issue of paternity as well as that of support under § 46b-171. In its memorandum of decision, the trial court stated that it "had the benefit of the testimony of numerous witnesses on both sides of the issues capably produced by counsel for the parties." The defendant has failed to demonstrate to us that this statement provides an inadequate factual basis for its decision. Moreover, he has made no attempt to seek a further articulation of the factual basis of the decision from the trial court.[2] We conclude, therefore, that the factual basis of the decision, as stated by the trial court, may stand and is legally sufficient.

Finally, the defendant avers that the trial court abused its discretion by refusing to grant his motion to open the judgment on the ground that the court had before it insufficient evidence on which to base its support and maintenance orders.[3] "The opening

---

[2] Our Supreme Court has recently held that "although the finding has been abolished, a party may still attack the . . . decision . . . as failing to include . . . material facts that are admitted and undisputed by the parties. Moreover, when a party seeks a further articulation of the factual basis of the trial court's decision . . . , he should file a motion with the trial court under Practice Book § 3082 setting forth the specific factual issues he seeks to have resolved . . . ." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 222 n.5, 435 A.2d 24 (1981).

[3] The defendant also contends that the trial court committed an abuse of discretion by denying his second motion to open the judgment, filed for

. . . of a judgment during the term at which it is rendered is at the legal discretion of the court." *Poneleit* v. *Dudas*, 141 Conn. 413, 416, 106 A.2d 479 (1954). The action of the trial court in this regard may not be disturbed on appeal unless the court acted unreasonably and in clear abuse of its discretion. *O'Leary* v. *Lumbermen's Mutual Casualty Co.*, 178 Conn. 32, 41, 420 A.2d 888 (1979). "[O]ne of the essential conditions for granting of such a motion is that the evidence which the party seeks to offer could not have been known and with reasonable diligence produced at trial." *Stocking* v. *Ives*, 156 Conn. 70, 73, 238 A.2d 421 (1968). The record before us shows no evidence of due diligence by the defendant in this regard. Moreover, to allow an unsuccessful litigant further opportunity to testify upon an issue that has already been fully litigated at trial and which might just as easily have been offered at trial, would prolong litigation beyond the reasonable parameters of and be contrary to sound public policy. We find that the trial court did not abuse its discretion in denying the defendant's motion to open the judgment.

Similarly, the trial court did not abuse its discretion when it denied the defendant's motion to open judgment based upon retention of new counsel. An attorney is entitled to the benefit of a presumption that he has discharged his duty, whether legal or moral, until the contrary is shown. *Slade* v. *Harris*, 105 Conn. 436, 440, 135 A. 570 (1927). Nothing indicates that original counsel did not discharge his duty, and the court did not err by denying the defendant's motion to open the judgment on this ground.

There is no error.

In this opinion BIELUCH and COVELLO, Js., concurred.

---

the purpose of obtaining new evidence through the use of blood tests. Because the defendant has not appealed this issue pursuant to Practice Book § 3062, see footnote 1, supra, we will not consider this claim of error.